BEN JOHNSON v. STATE.
No. A-1796. Opinion Filed April 5, 1913.
Appeal from Garfield County Court;
Winfield Scott, Judge.

Ben Johnson was convicted of a violation of the prohibition law, and appeals. Appeal dismissed.

D. W. Buckner, for plaintiff in error.

Chas. West, Atty. Gen., and E. G. Spilman, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted in the county court of Garfield county, on a charge of selling intoxicating liquor, and was sentenced to be confined in the county jail for thirty days and to pay a fine of fifty dollars.

The judgment and sentence was entered on May 2nd, 1912.

When judgment was rendered the defendant was given sixty days to perfect his appeal to this court. On June 29th, an order was made extending the time ten days; which time expired July 12th. On July 19th, after the expiration of the time granted by the court, a further extension of time was entered for a period of ten days. The second order extending the time was made after the trial court had lost jurisdiction of the case, and the order made giving such extension was void. July 30th, 1912, a petition in error with case-made was filed in this court.

Under the statute (Sec. 6948):

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered; providing, however, that the trial court or judge, may for good cause shown, extend the time within which said appeal may be taken, not exceeding sixty days."

An extension of time within which to perfect an appeal under the statute should be secured by written application, presented to the court or judge, and if the order so extending the time is not made within the time allowed by the statute, or within the extended time, the court or trial judge is without authority, and such order is void.

The Attorney General has filed a motion to dismiss the appeal for the reasons stated. Which motion is sustained, and the appeal is hereby dismissed, and the cause remanded to the county court of Garfield county with direction to enforce its judgment and sentence therein.